UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AXIS CORPORATE CAPITAL UK LIMITED | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO: 1:23cv25 TBM-RPM |
| JEFF JASSBY. | ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, AXIS Corporate Capital UK Limited (hereinafter "AXIS"), and for its Complaint for Declaratory Judgment against Defendant, Jeff Jassby, alleges as follows:

### I.   NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff seeks a determination of the rights and obligations of AXIS and Defendant under Policy No. 20SSIU107751.2 (hereinafter the "Policy") subscribed to by AXIS and the other participating Certain Underwriters at Lloyd's, London (hereinafter "Underwriters"), and provided to Defendant as the Named Insured. The dispute pertaining to the Policy involves a claim submitted by Defendant for damage to insured property.

2. The Policy provided dwelling property coverage for property owned by Defendant located at 8230 Maunalani Place, Diamondhead, MS 39525 (hereinafter the "Insured Property")

with a dwelling limit of $1,930,000 for the Insured Property. The claim arises out of purported damage to the Insured Property caused by Hurricane Zeta on October 28-29, 2020.

3. Defendant submitted a claim under the Policy for damage to the Insured Property.

4. AXIS, as well as the other Underwriters, investigated Defendant's claim for damage and, through their retained independent adjuster and associated experts, determined there was some damage to the Insured Property as a result of Hurricane Zeta, including damage to the roof and some associated interior water leaks.

5. Underwriters determined the amount owed under the Policy, after removing depreciation and the applicable $38,600 deductible, was $89,130.30. Underwriters issued payments to the Insured totaling $89,130.30.

6. Defendant, through his public adjuster, asserted there was additional damage to the Insured Property, including damage to every window, damage to pool area, structural damage that caused movement, among other issues.

7. AXIS, as well as the other Underwriters, retained a structural engineer to investigate the Defendant's claims. The structural engineer's investigation determined there was no structural damage to the Insured Property and that Hurricane Zeta did not cause the damages claimed by Defendant through his public adjuster.

8. Defendant demanded appraisal of this claim and named Scott Dowdy as his selected appraiser. AXIS, and the other insurers that subscribed to the Policy, named Chris Kutz as their appraiser. Mr. Dowdy and Mr. Kutz selected Matt Addison as umpire.

9. Mr. Kutz contacted Mr. Dowdy to schedule an inspection of the Insured Property on July 30, 2021, but Mr. Dowdy did not respond to Mr. Kutz until October 12, 2021. Mr. Dowdy did not offer any timeframe to inspect the Insured Property until November 23, 2021 when Mr.

Dowdy indicated to Mr. Kutz that an inspection had to occur immediately because the Insured Property was being sold that week and would not be available for inspection after the sale occurred. Mr. Kutz was not available to inspect within the limited time offered by Mr. Dowdy.

10. The Insured Property was sold by Defendant at some point in November or December 2021.

11. Mr. Dowdy submitted a one-page estimate prepared by a contractor, Ruby Construction, for his submission. This estimate included only general bid figures and did not detail the scope and various quantities. Mr. Kutz submitted his position on June 28, 2022. Mr. Dowdy pushed this matter to the umpire on July 11, 2022, without engaging in any discussions with Mr. Kutz regarding the merits of this matter.

12. The umpire entered a decision on November 11, 2022, simply accepting the contractor's estimate submitted by Mr. Dowdy while deducting overhead and profit for work not performed and not awarding a general category of "inflation" claimed at $125,000.

13. Mr. Dowdy signed the umpire's award in addition to Mr. Addison.

14. The award is inconsistent with the acceptable requirements of an appraisal award under Mississippi law and the Policy. The appraisal award provides amounts for replacement of all windows, repair of the pool area, as well as structural repairs. AXIS, and the other insurers to the Policy, previously indicated their investigation determined there were no damages to these areas and/or no damages caused by Hurricane Zeta. The award also included amounts for a security system that had never been raised by Defendant during the adjustment of the claim.

15. AXIS, along with the other insurers that subscribed to the Policy, issued a letter to the Defendant on January 24, 2023, advising Defendant that the appraisal award violated the Policy and Mississippi law and its determinations.

16. AXIS brings this action seeking a declaration the appraisal conducted violates the Policy and Mississippi law and is not enforceable. AXIS further seeks a declaration that it has paid all amounts it owed to date under the Policy's terms, conditions, limitations and exclusions.

## II. PARTIES

17. Plaintiff AXIS Corporate Capital UK Limited contributed 70% of the capital to Syndicate 1686 for the 2020 year of account and Syndicate 1686 secured 50% of 50% of the risk of Policy No. 20SSIU107751.2. Thus, AXIS' total share of the risk on the Policy is 18.75%. Syndicate 1686 is a Lloyd's syndicate that is duly authorized to conduct business within the Lloyd's of London insurance marketplace. Thus, AXIS has a real and substantial stake in the outcome of this action.

18. AXIS is incorporated under the laws of England and Wales and maintains its principal place of business at 52 Lime Street, London UK EC3M 7AF.

19. Defendant has asserted entitlement to over $460,000 in insurance proceeds; as such, AXIS, contributing 70% of the capital to Syndicate 1686, and having 18.75% of the interest in the Policy, has in excess of $75,000 at stake in this matter.

20. Defendant, Jeff Jassby, is a citizen of and resides in Mississippi.

## III. JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the United Kingdom and citizen of Mississippi.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant is a Mississippi resident and citizen, the Insured Property is located in Mississippi, and thus, Defendant is subject to this Court's personal jurisdiction.

## IV.  STATEMENT OF CLAIM

### A. The Policy

23. AXIS subscribed to the Policy issued to Defendant by Underwriters. *See* Policy attached as Exhibit 1.

24. The Policy had a period of March 24, 2020 to March 24, 2021. *See* Exhibit 1 at Declaration Page.

25. The Policy covered premises located at 8230 Maunalani Place, Diamondhead, Mississippi 39525. *Id.*

26. The Policy contains a $1,930,000 dwelling limit of insurance for the Insured Property. *Id.*

### B. The Claim

27. Hurricane Zeta impacted Mississippi on or about October 28-29, 2020.

28. Defendant reported a claim to AXIS and the other subscribers to the Policy. AXIS and the other subscribers to the Policy dispatched an adjuster to investigate the loss.

29. AXIS and the other insurers that subscribed to the Policy issued their respective shares of payment of $89,130.30 for damage to the Insured Property as a result of Hurricane Zeta after application of depreciation and the $38,600 deductible applicable to the claim.

30. AXIS and the other insurers that subscribed to the Policy further determined Hurricane Zeta did not damage other components of the Insured Property as asserted by Defendant.

31. AXIS, and the other insurers that subscribed to the Policy's, adjuster advised Defendant and Defendant's public adjuster of this position.

32. Defendant, through his public adjuster, demanded appraisal of the loss.

33. The appraisal award agreed to by the umpire and the Defendant's appraiser improperly determined causation issues to a range of the Insured Property's components, including many components Underwriters had advised Defendant were not damaged by Hurricane Zeta.

34. Therefore, the appraisal award impermissibly makes coverage and causation determinations prohibited by the Policy and Mississippi law.

35. Defendant claims the appraisal award is valid, despite the appraisal award's clear violation of Policy language and applicable law.

## COUNT I
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
## APPRAISAL NOT APPROPRIATE UNDER MISSISSIPPI LAW AND THE POLICY

36. AXIS incorporates and re-alleges the allegations in paragraph 1 through 35 as if fully set forth herein.

37. AXIS investigated Defendant's claim and issued payment for damage to the Insured Property as a result of Hurricane Zeta. This payment totaled $89,130.30 after depreciation and the $38,600 deductible are applied.

38. Defendant did not agree with that determination and demanded appraisal.

39. The appraisal award signed by Defendant's appraiser and the umpire issued improperly makes coverage and causation determinations.

40. The appraisal award violates Mississippi law, which does not permit the appraisal process to determine any issue related to coverage or causation.

41. AXIS properly advised Defendant the appraisal award violated the Policy's language and Mississippi law and is not binding.

42. An actual controversy within the meaning of 28 U.S.C. § 2201 now exists between AXIS and Defendant concerning the enforceability of the appraisal award.

43. AXIS, solely in its own capacity and on its own behalf and not on behalf of any other party, seeks a declaration that the appraisal award is not enforceable and violates Mississippi law.

## COUNT II
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
## AXIS PROPERLY DETERMINED COVERED DAMAGE

44. AXIS incorporates and re-alleges the allegations in paragraph 1 through 43 as if fully set forth herein.

45. AXIS, through its representatives, investigated the property damage claim submitted by Plaintiffs.

46. AXIS' investigation determined the reasonable cost to repair damage to the Insured Property caused by Hurricane Zeta, less depreciation and the deductible, is $89,130.30.

47. Defendant disagrees with this determination and claims the damage to the Insured Property caused by Hurricane Zeta exceeds $460,000.

48. Therefore, AXIS seeks a declaration from this Court it has properly determined covered damage to the Insured Property did not exceed the applicable deductible under the Policy pursuant to its terms, conditions, limitations and exclusions.

WHEREFORE, AXIS requests a declaratory judgment from this Court that:

a. The appraisal award violates the Policy and Mississippi law and is not valid;

b. AXIS properly determined covered damage to the Insured Property did not exceed the applicable deductible; and

c. AXIS owes no further amounts to Defendant.

Respectfully submitted this 31st day of January, 2023.

                                      **AXIS CORPORATE CAPITAL UK LIMITED**

                                  BY:   */s/ Whitman B. Johnson III*
                                             WHITMAN B. JOHNSON III (MSB #3158)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 RIVER OAKS DR., FLOWOOD, MS 39232
P. O. BOX 750, JACKSON, MS 39205-0750
TELEPHONE: (601) 969-1010
FACSIMILE: (601) 969-5120
wjohnson@curriejohnson.com